FILED

### THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

2013 JUN 10 PM 4:12

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

JOSEPHINE ROBAIR,

      Plaintiff,

-VS-

SPEEDY CASH, INC.,

      Defendant.

_____/

CASE NO.:

3:13-CV-662-J-99mmH-JRK

## COMPLAINT

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act., 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act., 15 U.S.C. §1692 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2.    This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

3.    Jurisdiction and venue for purposes of this action are appropriate and conferred by U.S.C. §§1331, 1332.

4.    The alleged violations described in the Complaint occurred in Duval County, Florida.

## FACTUAL ALLEGATIONS

5.    Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County, Georgia.

6.    Plaintiff is a "consumer" as defined by Florida Statute §559.55(2) and 15 U.S.C. §1692(a)(3).

7.    Plaintiff is an "alleged debtor."

8.    Plaintiff is the "called party." See *Soppett v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

9.    Defendant is a corporation and a citizen of the State of Florida with its principal place of business at 12276 San Jose Blvd., Suite 534, Jacksonville, FL 32073.

10.    Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

11.    The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

12.    The Defendant intentionally harassed and abused the Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

13.    Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers as specified by 47 U.S.C. §227(a)(1).

14.    Each call the Defendant made to the Plaintiff's cellular phone was done so without the "express permission" of the Plaintiff.

15.    On or about March 9, 2013, Plaintiff received a telephone call to her cellular telephone number (904)422-7973 from the Defendant at which time they asked for Latoya Simmons.

16.    On or about March 9, 2013, Plaintiff informed the Defendant that she was not Latoya Simmons; that she just obtained her cell phone and number; and requested the phone calls to stop.

17.    Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse.

18.    The Defendant implied that they believed the Plaintiff was lying, by continuing to incessantly call Plaintiff after Plaintiff informed the Defendant that she was not Latoya Simmons.

19.    The Defendant called the Plaintiff's cellular number on at least one occasion and said "Listen bitch, you need to pay up."

20.    The Plaintiff received approximately 200 phone calls from Defendant from March 9, 2013 through May 24, 2013. Each call was placed to Plaintiff's cellular phone without Plaintiff's express permission to call.

21.    Defendant left the following voice messages on Plaintiff's voicemail on her cellular telephone in or about the date stated:

<u>May 2013</u>

This message is for Latoya Simmons. This is Speedy Cash calling in reference to your balance. We need to hear from you 768-5576.

<u>5/18/13</u>

Hi, Ms. Simmons, this is Ashley calling from Speedy Cash. I need you to give me a call at 768-5576. We really need to hear from you by six o'clock today in reference to keep your account open here in the office. We need some kind of payment. Thank you.

<u>5/9/13</u>

Hi, Latoya, this is Ashley calling from Speedy Cash. I need you to give us a call at 768-5576. It is very important that I speak with you today by six o'clock in reference to your account with us. I need to know when you can come in to make some kind of payment towards your balance to keep it open. Thank you.

<u>5/3/13</u>

Hi, Latoya. This is Ashley calling from Speedy Cash. I need you to give us a call at 768-5576. It is very important we speak with you regarding your account with us. Thank you.

<u>5/2/13</u>

Hi, this message is for Ms. Simmons. My name is Trudy giving you a call in reference to your account with Speedy Cash. I just need to know when you will be in to make a payment on the account. We have an easy and affordable and good payment plan available for you. We also have pawn available, so give me a call at 904-768-5576, that would be great. Bye Bye.

<u>4/25/13</u>

Hi, this message is for Ms. Simmons. My name is Trudy giving you a call in reference to your account with Speedy Cash. I need you to come in and make a payment towards the balance on your account. We do have affordable payment plans available. Give me a call at 904-768-5576. We also have pawn available as well. Thank you.

<u>4/25/13</u>

Hi, Latoya this is Ashley calling from Speedy Cash. I need you to give us a call at 768-5576. I need to hear from you in regards to your account. I need to know when you can come in and make a payment towards your balance. Thank you.

<u>4/23/13</u>

Hi, Ms. Latoya Simmons, my name is Latroya with Speedy Cash. I need to know when you will be in to make a payment towards your account. You have a low balance, so please give me call so I can help you take care of it. My phone number is 904-768-5576. Thank you.

22.    Defendant left similar or identical messages on other occasions in March 2013 and April 2013, and are continuing through the filing of this complaint.

23.    The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

24.     Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

25.     Defendant's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

26.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

27.     Defendant has many similar complaints from non-debtors across the country, as those alleged in this lawsuit, by Plaintiff.

28.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

29.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

30.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

**COUNT I**
**(Violation of the TCPA)**

31.     Plaintiff incorporates paragraphs one (1) through thirty (30).

32.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of the federal law, including 47 U.S.C. §227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violations of the FCCPA)

33.    Plaintiff re-alleges paragraphs one (1) through thirty (30).

34.    At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72.

35.    Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

36.    Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

37.    Defendant has violated Florida Statute §559.72(8) by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

38.    Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows the debt is not legitimate.

39.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Intentional Infliction of Emotional Distress)

40.    Plaintiff re-alleges paragraphs one (1) through thirty (30) above and further states:

41.    Defendant individually, and through its employees, agents, representatives and collectors, has intentionally inflicted emotional distress on the Plaintiff by its outrageous conduct.

42.    The outrageous conduct as set forth in paragraphs one (1) through twenty-two (22) herein, were directed at Plaintiff by and through Defendant's employees, agents, apparent agents or other persons acting to benefit and further the interests of the Defendant, in the course and scope of their employment or agency with Defendant.

43.    As a direct and proximate result of the outrageous acts described in paragraphs one (1) through twenty-two (22) herein, Plaintiff sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

**WHEREFORE,** Plaintiff respectfully request judgment be entered against Defendant for statutory damages, actual damages, enjoinder from further violations, costs, interest, attorney fees and any other such relief this Honorable Court deems appropriate in the spirit of Justice.

Respectfully submitted,

William Peerce Howard, Esquire
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
WPHPleadings@ForThePeople.com
KRodriguez@ForThePeople.com
Florida Bar #:  0103330
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, William Peerce Howard, Esquire, hereby certify that a true and correct copy of the foregoing has been served on Defendant through Service of Process on its Registered Agent.

William Peerce Howard, Esquire
Morgan & Morgan, Tampa,  P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
WPHPleadings@ForThePeople.com
KRodriguez@ForThePeople.com
Florida Bar #:  0103330
Attorney for Plaintiff